UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TORRES,<br><br>                      Petitioner,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>                      Respondents. | Case No.: 19-cv-01964-LAB-JLB<br><br>**ORDER DENYING PETITIONER'S MISCELLANEOUS MOTIONS**<br><br>**[ECF Nos. 2; 3; 4; 5; 13; 18]** |

Petitioner Eduardo Torres is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. (ECF Nos. 1; 9.) Presently before the Court are several miscellaneous motions filed by Petitioner: (1) Request for Evidentiary Hearing (ECF No. 5); (2) Request for Appointment of Counsel (ECF No. 2); (3) Request for Provision of Missing/Withheld State Court Discovery (ECF No. 3); (4) Request for Expansion of the Record (ECF No. 4); (5) "In-Camera Request for Court to Expedite its Ruling on the Companion Motions/Requests Filed Simultaneously with Petitioner['s] Pro Se[] Federal Petition for Writ of Habeas Corpus" (ECF No. 13); and (6) "Request to Quash Respondents' (DAG's) Notice of Lodgment & Proof of Service Ther[e]of" (ECF No. 18). For the reasons set forth below, Petitioner's motions are **DENIED**.

///

## I. REQUEST FOR EVIDENTIARY HEARING

Before the Court is Petitioner's Request for Evidentiary Hearing. (ECF No. 5.) Petitioner "requests that the Court order and conduct a full evidentiary hearing on all issues/grounds as raised in the [Petition] inasmuch as the triad of State Courts failed or refused to do so." (*Id.* at 1.) Petitioner argues that "[t]he habeas issues/grounds etc. were fairly presented to those lower courts to no avail." (*Id.*)

Rule 8(a) of the Rules Governing § 2254 Cases provides that a court determines whether an evidentiary hearing is warranted in a habeas proceeding after the respondent files an answer to the petition. Rule 8(a), 28 U.S.C. foll. § 2254 ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). Here, Respondents have filed a Motion to Dismiss the Petition (ECF No. 14) and have not yet answered the Petition on the merits. Petitioner's request for an evidentiary hearing is therefore premature. *See, e.g.*, *Lopez v. Williams*, Case No. 2:18-cv-00480-JCM-NJK, 2019 WL 2476733, at *4 (D. Nev. June 13, 2019) ("As the respondents have not yet answered the petition on the merits, petitioner's request for an evidentiary hearing is premature."). If the Court denies Respondents' Motion to Dismiss, then Petitioner may submit another request for an evidentiary hearing after Respondents have answered the Petition. Accordingly, Petitioner's premature Request for Evidentiary Hearing is **DENIED without prejudice**.

## II. REQUEST FOR APPOINTMENT OF COUNSEL

Also before the Court is Petitioner's Request for Appointment of Counsel. (ECF No. 2.) Petitioner argues that the Court should appoint him counsel because he "is gravely and severely mentally-disabled" and "is a *Keyhea* mental health patient." (*Id.* at 1.)

### A. Legal Standard

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskly v. Zant*, 499 U.S. 467, 495 (1991). Petitioners do not have an absolute right to counsel for habeas corpus actions. *Knaubert v. Goldsmith*,

791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 729–30 (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

The court's discretion to appoint counsel may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks omitted)); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**B.     Discussion**

As stated above, Petitioner argues that the Court should appoint him counsel because he "is gravely and severely mentally-disabled" and "is a *Keyhea* mental health patient." (ECF No. 2 at 1.) To his motion, Petitioner attached the declaration of Charles Windham, an inmate who is assisting Petitioner in this action. (*Id.* at 5.) Windham states that the Court should appoint counsel for Petitioner because: (1) "Petitioner is an indigent layman at law"; (2) "he is gravely mentally-disabled per *Kehea v. Rushen* (9th Cir. 1982)"; (3) "his defense counsel refused to submit a (direct appeal) . . . on his behalf resulting in NO APPEAL REVIEW whatsoever"; (4) "his grounds for relief have merit"; and (5) "the San Diego Police/Jail/Public Defenders & Superior/State Courts appear to be 'hiding' PCR

documents/'discovery'/evidence, etc., helpful/beneficial to [Petitioner]'s PCR efforts, *inter alia*." (*Id.*) Windham provides that he attempted to secure counsel for Petitioner by mailing "a 2-page correspondence" to "multiple habeas attorneys," "California Schools of Law," and "several Post-Conviction Relief/Innocence Projects," but he did not receive a reply or received a declination of representation. (*Id.*) Windham further states that he has "observed" Petitioner, and Petitioner "has shown [him] . . . continuing evidence of his severe mental illness(es)." (*Id.* at 6.)

1. <u>Likelihood of Success on the Merits</u>

A review of the record before the Court supports the conclusion that the interests of justice do not require the appointment of counsel for Petitioner at this time. Although Petitioner is indigent,[1] he has not made a supported argument that his Petition is likely to succeed. Petitioner merely concludes that "his grounds for relief have merit." Moreover, Respondents have filed a Motion to Dismiss the Petition as untimely. (ECF No. 13.) Whether the Court will even rule on the merits of the Petition is significantly cast in doubt by Respondents' motion. Thus, Petitioner has not shown that he is likely to succeed on the merits of his Petition.

2. <u>Ability to Litigate Claims *Pro Se*</u>

As to Petitioner's ability to litigate his claims *pro se*, there is some indication at this stage that Petitioner may be incapable of proceeding without the assistance of counsel. Petitioner claims that he is "gravely and severely mentally-disabled,"[2] which is corroborated by inmate Windham's declaration. Other documents in the record, but not attached to Petitioner's motion, also support Petitioner's claim that he is mentally ill. To his Petition, Petitioner attached an order by an Administrative Law Judge ("ALJ") granting

---

[1] On October 28, 2019, the Honorable Larry Alan Burns granted Petitioner's Motion to Proceed In Forma Pauperis, finding that "Petitioner has $0.00 on account at the California correctional institution in which he is presently confined." (ECF No. 9 at 1.)

[2] It clear from the medical records Petitioner attached to his Petition that by "mentally-disabled," he means suffers from a mental illness.

4

a renewed Petition for Order Authorizing Involuntary Administration of Psychiatric Medication ("Medication Order") dated August 20, 2019. (ECF No. 1-5 at 4.) In the Medication Order, the ALJ found that Petitioner was "[g]ravely [d]isabled[] and lack[ed] the capacity to consent to or refuse treatment with psychiatric medications." (*Id.* at 5.) In granting the Medication Order, the ALJ permitted Mule Creek State Prison to "involuntarily administer[]" Petitioner with "psychiatric medication" for one year, from August 20, 2019, to August 20, 2020. (*Id.* at 6.) Thus, it appears Petitioner is currently and involuntarily receiving psychiatric medication from Mule Creek State Prison.

Also attached to the Petition is a Declaration In Support of Renewal of Involuntary Medication executed by psychiatrist Dr. Kulwant Singh on July 9, 2019. (*Id.* at 12–16.) Dr. Singh states that the "current working diagnosis" of Petitioner on July 9, 2019 was "Schizoaffective disorder Bipolar type," which is a "serious mental illness requiring psychiatric medication." (*Id.* at 12.) After completing a "renewal questionnaire" with Petitioner, Dr. Singh noted that Petitioner "was very [bizarre], vague, [and] [did] not make sense," and "[h]e could not [v]erbalize a viable plan for his basic needs." (*Id.*) However, Dr. Singh opined that Petitioner was currently receiving medication that would "decrease his [b]izarre behavior, decrease his [p]aranoia and delusional thought, . . . stabilize his mood, make him less depressed and less suicidal[,] and . . . improve his [insight and judgment]." (*Id.* at 13.) Based on the foregoing documents, the Court finds that there is some indication in the record that Petitioner may be incompetent.

The Ninth Circuit in *Allen v. Calderon* held that where a petitioner submits "substantial evidence" of his incompetence, the district court should hold a competency hearing to determine whether the petitioner is "competent under an appropriate standard for habeas petitioners." 408 F.3d 1150, 1153–54 (9th Cir. 2005). The *Allen* court further determined that, should the district court conclude such a hearing is advisable, "counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases." *Id.* at 1153.

///

Although the court in *Allen* did not specify what constitutes "substantial evidence," it did offer some guidance. In *Allen*, the petitioner submitted his own declaration and the declaration of another inmate explaining that the petitioner was mentally ill and did not understand the court's orders. *Id.* at 1152. The petitioner also included a letter from his treating psychiatrist at the prison setting forth the petitioner's diagnosis of chronic undifferentiated schizophrenia and stating that the petitioner was taking two psychotropic medications. *Id.* The *Allen* court found that these submissions established that the petitioner "suffer[ed] from a mental illness, the mental illness prevent[ed] him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period." *Id.* Because the petitioner had provided substantial evidence of his incompetence, the Ninth Circuit held that district court abused its discretion by not holding a competency hearing before dismissing the petition. *Id.* at 1153–54.

Here, Petitioner has provided a declaration from Windham, a "legal assistant" inmate, stating that Petitioner is "gravely mentally-disabled," the ALJ's Medication Order, and Dr. Singh's Declaration in Support of Renewal of Involuntary Medication. The Court, however, does not find that these documents are substantial evidence that Petitioner is *presently* incompetent. Windham's declaration says nothing about Petitioner's present ability articulate his claims, respond to the issues raised, or comprehend Court orders, and provides that Petitioner has a high school education. (ECF No. 2 at 6.) And although Dr. Singh's declaration shows that Petitioner's working diagnosis on July 19, 2019, was schizoaffective disorder, it also shows that Petitioner is receiving medication for his illness—albeit involuntarily—that Dr. Singh opined would improve his symptoms. (ECF No. 1-5 at 13.) There are no medical records before the Court showing that, despite being medicated, Petitioner's illness is currently affecting his ability to litigate his case.[3] *See*

---

[3] The Court acknowledges that some of Petitioner's responses to the questions Dr. Singh asked Petitioner prior to the Medication Order were less than straightforward. For

6

19-cv-01964-LAB-JLB

*Allen*, 408 F.3d at 1152 (stating that the petitioner's submissions showed that "he was still suffering from the illness during the relevant time period"). For these reasons, the Court finds that this case is distinguishable from *Allen*, as there is no evidence of Petitioner's *current* incompetence.[4] Therefore, a competency hearing with appointed counsel not warranted at this time. *See, e.g.*, *Meeks v. Nunez*, No. 13cv973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) ("Despite filing an 'Inmate Request for Assistance from the Court' asserting a mental impairment of 'Schizoaffective Disorder' signed by a forensic psychologist, Plaintiff . . . has not submitted any documents such as a treating physician's notes, to demonstrate the effects of his diagnosis on the prosecution of this case."); *McElroy v. Cox*, Civil No. 08-1221 JM (AJB), 2009 WL 4895360, at *3 (S.D. Cal. Dec. 11, 2009) (finding that although the *pro se* prisoner in a § 1983 case provided evidence similar to the evidence in *Allen*, "there [was] no nexus between his mental disorder and his ability to articulate his claims," and the "medical records indicate[d] that he function[ed] well when properly medicated").

///

---

example, Dr. Singh noted that when he asked Petitioner to "describe behaviors or acts which led to this involuntary medication order bring put in place," Petitioner responded, "I like the color of your shirt." (ECF No. 1-5 at 14.) Further, in his declaration, Dr. Singh stated that the "behaviors or acts that required [the] involuntary medication" of Petitioner were Petitioner's "[d]elusional" and "paranoid" thoughts that someone was "poisoning [his] food" and that the "FBI [was] after [him]." (*Id.* at 12.) But, again, Dr. Singh also stated that medication "will decrease [Petitioner's] [b]izarre behavior, decrease his [p]aranoia and delusional thought, . . . stabilize his mood, make[] him less depressed and less suicidal[,] and . . . improve his [insight and judgment]." (*Id.* at 13.)

[4] Additionally, nothing about the way this case has been prosecuted to date indicates that Petitioner is incompetent, although this may be because of the assistance Petitioner is receiving from other inmates. With the assistance of inmate Windham, Petitioner has been zealously prosecuting this action, as he has filed the Petition and several motions before the Court. (*See* ECF Nos. 2; 3; 4; 5; 13; 16; 18.) *See West v. Dizon*, No. 2:12–cv–1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying the *pro se* inmate plaintiff's request for counsel based on his mental disabilities and noting that the plaintiff "had thus far surmounted with the help of other inmates").

Because Petitioner has not shown that his Petition is likely to succeed, nor that he is presently unable to litigate his claims *pro se*, and because the Court has not ordered an evidentiary hearing, the interests of justice do not warrant the appointment of counsel at this time. Petitioner's Request for Appointment of Counsel is therefore **DENIED without prejudice**.

### III. REQUEST FOR DISCOVERY

Also before the Court is Petitioner's Request for Provision of Missing/Withheld State Court Discovery ("Request for Discovery"). (ECF No. 3.) Petitioner requests that the Court "enter an order commanding Xavier Becerra . . . to provide this Petitioner Pro Se, in a reasonable amount of time, ALL missing/withheld 'DISCOVERY' in [P]etitioner's state court matter." (*Id.* at 1.) Petitioner argues that he "will require . . . these documents/evidence in order to properly raise his issues/grounds for relief and its supporting evidence accordingly." (*Id.*)

Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may, for good cause, allow discovery in habeas proceedings and may limit the extent of discovery. Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) requires a party requesting discovery to provide reasons for the request and to specify any requested documents. Rule 6(b), 28 U.S.C. foll. § 2254. However, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracey v. Gramley*, 520 U.S. 899, 904 (1997); *see also Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) ("A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." (citing *Bracey*, 520 U.S. at 904)). "[D]iscovery is only available in the discretion of the court and for good cause shown." *Rich*, 187 F.3d at 1068.

Here, Petitioner has not shown good cause to conduct discovery. Petitioner has not specified what documents he believes exist but are "missing" or being "withheld." (ECF No. 3 at 1.) Nor has Petitioner identified what type of evidence he is seeking through discovery that he needs to "properly raise his issues/grounds for relief." (*Id.*) To the extent Petitioner "is merely looking for documents that 'will aid in the adjudication, facilitation,

8

and expediti[on]" of these proceedings, this does rise to the level of good cause. *Larvey v. Singh*, No. 11cv1418–WQH (BLM), 2011 WL 5975934, at *5 (S.D. Cal. Nov. 29, 2011); *see also Rich*, 187 F.3d at 1067 ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (5th Cir. 1970))). Accordingly, Petitioner's Request for Discovery is **DENIED**.

## IV. REQUEST FOR EXPANSION OF THE RECORD

Also before the Court is Petitioner's Request for Expansion of the Record. (ECF No. 4.) Petitioner requests that the Court "expand the record in this case to include available additional evidence that support's [P]etitioner's issues/grounds for relief." (*Id.* at 1.) Rule 7(a) of the Rules Governing § 2254 Cases provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), 28 U.S.C. foll. § 2254. The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Advisory Committee Notes, Rule 7, 28 U.S.C. foll. § 2254. "An expanded record may also be helpful when an evidentiary hearing is ordered." *Id.*

Here, the Court has yet to determine whether the Petition will survive Respondents' Motion to Dismiss, let alone rule on the merits of the Petition, and has not ordered an evidentiary hearing. Moreover, Petitioner does not identify what documents should be included in the record that are not already. Accordingly, Petitioner's Request for Expansion of the Record is **DENIED**.

///
///
///
///
///

## V. REQUEST FOR EXPEDITED RULINGS

Also before the Court is Petitioner's "In-Camera Request for Court to Expedite Its Rulings on the Companion Motions/Requests Filed Simultaneously With Petitioner Pro Se's Federal Petition for Writ of Habeas Corpus" ("Request to Expedite").[5] (ECF No. 13.) Petitioner states that "[e]xpedited rulings here will greatly assist the petitioner in this case matter, particularly favorable ones, and move the case along expediently, *inter alia*." (*Id.*) To the extent Petitioner has requested an "expedited" ruling on his Request for Appointment of Counsel so he may have the benefit of counsel in responding to Respondents' Motion to Dismiss, Petitioner's request is **DENIED as moot**. The Court has determined that Petitioner is not entitled to appointed counsel at this time. Petitioner's request for expedited rulings on his other requests is **DENIED**.

## VI. REQUEST TO QUASH NOTICE OF LODGMENT AND PROOF OF SERVICE

Finally before the Court is Petitioner's "Request to Quash Respondents' (DAG's) Notice of Lodgment & Proof of Service Ther[e]of." (ECF No. 18.) Petitioner argues that the Court must "quash" Respondents' Notice of Lodgment of Petitioner's state court records (ECF No. 15) because he "was NOT served with 'paper' copies of the twelve" lodgments. (ECF No. 18 at 1.) Petitioner states that he did not receive a copy of Respondents' lodgments and only received the "2-page" notice of the lodgments. (*Id.* at 2.) Petitioner argues that he needs the lodgments "in order to verify the Dates & Gap Times/Days espoused by the DAG (in terms of 'in-between' 'gap' habeas filings in this matter by the [P]etitioner in the State Court triad[])." (*Id.* at 3.)

While on direct appeal, an indigent criminal defendant has an absolute right to trial transcripts. *Griffin v. Illinois*, 351 U.S. 12 (1956). However, the United States Supreme Court has held that there is no absolute constitutional right to a free copy of the record on

---

[5] Petitioner labels his request as "in-camera," but the request has been publicly filed on the docket at ECF No. 13.

10

collateral review. *United States v. MacCollum*, 426 U.S. 317 (1976) (interpreting 28 U.S.C. § 753(f) and applying to § 2255 habeas petition); *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 n. 2 (C.D. Cal. 1997) (citing *United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979)). To obtain free copies of trial records, a habeas petitioner must demonstrate that he is entitled to proceed *in forma pauperis*, and the court must certify that the petition is "not frivolous" and the transcript is "needed to decide the issue." *Id.* at 321; *see* 28 U.S.C. § 753(f). Courts have likewise applied this principle to habeas petitions brought under 28 U.S.C. § 2254. *Martin v. Hartley*, No. EDCV 08–0581–R (MLG), 2008 WL 4723623, at *2 (C.D. Cal. 2008) (noting that the reasoning in *MacCollom* dealing with § 2255 petitions is applicable to § 2254 petitions as well (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)); *see also Dunsmore v. Beard*, No. 13CV1193–GPC(PCL), 2014 WL 7205659, at *5–6 (S.D. Cal. Dec. 17, 2014) (same).

Petitioner's request to "quash" Respondents' Notice of Lodgment and the attached Proof of Service is **DENIED**. To the extent Petitioner is requesting that the Court order Respondents to send him a copy of the lodgments, his request is also **DENIED**. Petitioner is proceeding *in forma pauperis* (ECF No. 6), but he has not demonstrated that his Petition has merit. Petitioner argues that he needs the lodgments "to verify the Dates and Gap Times/Days" between his habeas filings in state court, but this is not an argument that the lodgments are "needed to decide the issue[s]" Petitioner raises in his Petition. *See, e.g.*, *Ansari v. Plummer*, No. C-92-4330-DLJ, 1994 WL 72170, at *2 (N.D. Cal. Feb. 24, 1994) (noting that the petitioner did not need transcripts "to oppose [the] respondent's motion to dismiss on procedural grounds"). Moreover, Petitioner should, at a minimum, possess copies of Lodgments 5–11,[6] which are the state court petitions he filed and the responses

---

[6] Lodgments 5–11 consist of: (5) Habeas Petition filed in the San Diego County Superior Court; (6) San Diego County Superior Court Order Denying Habeas Relief; (7) Amended Habeas Petition filed in the San Diego Superior Court; (8) San Diego Superior Court Order Denying Amended Petition; (9) Habeas Petition filed in the California Court

from the state courts that would have been sent to him.  Petitioner argues only that he did not receive a copy of these documents from Respondents, not that he no longer has the documents in his possession.  Petitioner should also already possess Lodgments 1–4 and 12[7] as well, but in case Petitioner does not, the Court will send Petitioner a copy of these five lodgments.

Accordingly, the Clerk of Court is **DIRECTED** to mail Petitioner a copy of ECF Nos. 15-1, 15-2, 15-3, 15-4, and 15-12 along with this Order.

**IT IS SO ORDERED.**

Dated:  February 24, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

of Appeal; (10) California Court of Appeal Order Denying Habeas Relief; and (11) Habeas Petition filed in the California Supreme Court.  (ECF No. 15 at 1–2.)

[7] Lodgments 1–4 and 12 consist of: (1) Probation Report; (2) Guilty Plea Form; (3) Minute Order from Change of Plea Proceeding; (4) Minute Order from Sentencing; and (12) Docket from California Supreme Court.  (ECF No. 15 at 1–2.)