UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TORRES,<br><br>    Petitioner,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>    Respondents. | Case No.: 19-cv-01964-LAB-JLB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 47]** |

Before the Court is Petitioner Eduardo Torres's second Motion for Appointment of Counsel. (ECF No. 47.) Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF Nos. 1; 21.) For the reasons set forth below, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

## I.     LEGAL STANDARD

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners. *McCleskly v. Zant*, 499 U.S. 467, 495 (1991). Petitioners do not have an absolute right to counsel for habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C.

§ 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. *Knaubert*, 791 F.2d at 729–30.

A court may exercise its discretion and appoint counsel for an indigent petitioner only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks omitted)); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

## II. DISCUSSION

In his motion, Petitioner contends that he requires the assistance of *pro bono* counsel for several reasons: He is "severely mentally-impaired." (*Id.* at 4.) He is in custody, and it is "extremely difficult, if not impossible," to represent himself. (ECF No. 47 at 1.) He has no legal training and "limited opportunities to educate" himself. (*Id.* at 1, 4.) He is "unable to write legal argument, or to research and identify the legal authority relevant" to his claims. (*Id.* at 1.) His claims are "simply too complex [to] brief[]" them himself, and "[a]nalysis by an attorney is required in order to make [his] claims comprehensible to the Court." (*Id.* at 4.) Further, due to COVID-19 restrictions at Mule Creek State Prison ("MCSP"), he has a "lack of meaningful access to [the] law library . . . and resources, and there is no "federal habeas legal specialist" at MCSP. (*Id.* at 5.)

The Court finds that Petitioner has not shown any exceptional circumstance warranting the appointment of counsel at this time. First, Petitioner makes no argument concerning the likelihood of his claims' success, and a review of the record before the

Court supports the conclusion that the interests of justice do not require appointing Petitioner counsel based on any likelihood of success. Although the Court has recommended that Respondents' Motion to Dismiss be denied, this recommendation is based on a finding that Petitioner's claims are not time-barred, not that they have merit or are likely to succeed. (*See* ECF No. 50 at 3–30.)

Second, Petitioner has not shown that he is unable to articulate his claims *pro se* in light of the complexity of his case. The fact that Petitioner is in custody, has no legal training, and has no access to a "federal habeas legal specialist" are hardships that any *pro se*, incarcerated litigant pursuing a federal habeas petition could face and are therefore not exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). And, Petitioner's argument that he faces "a lack of meaningful access" to the law library due to COVID-19 is not sufficiently specific. Petitioner fails to explain what "meaningful" access means. To the extent Petitioner is arguing that he requires counsel because MCSP limits the time he can conduct research in the prison law library, this is merely another difficulty imposed by his incarceration and not one warranting a finding of exceptional circumstances.

Further, Petitioner's argument that he requires counsel due to his mental illness is one that the Court has already considered and found unavailing. Petitioner previously moved for appointment of counsel simultaneously with the filing of his original Petition on September 20, 2019, arguing that he was incapable of proceeding without counsel because he was "gravely and severely mentally-disabled." (ECF No. 2 at 1.) The Court denied Petitioner's motion, finding that, *inter alia*, Petitioner had not provided the Court with any medical records evidencing a present inability to proceed *pro se* due to any mental impairments. (*See* ECF No. 20 at 2–8.) Few of the documents in the record at that time showed any indicia that Petitioner was incompetent. One that does is an order from an administrative law judge granting a petition for the involuntary administration of psychiatric medication. (*See* ECF No. 1-5 at 4–6.) This order was dated August 20, 2019, and authorized Petitioner to be involuntary medicated for one year, until August 20, 2020.

(*Id.* at 6.) The Court also considered a declaration in support of the involuntary medication petition executed on July 9, 2019, by psychiatrist Dr. Kulwant Singh. (*Id.* at 12–16.) As previously explained by the Court, Dr. Singh's declaration provided that Petitioner's working diagnosis on July 9, 2019, was "Schizoaffective disorder Bipolar type," but Dr. Singh also opined that medication would decrease Petitioner's bizarre behavior and delusional thoughts, stabilize his mood, make him less depressed and suicidal, and improve his insight and judgment. (*Id.* at 12–13.) Because Petitioner had not provided substantial evidence that he was presently incompetent and therefore unable to articulate his claims *pro se*, the Court denied his motion without prejudice. (*See* ECF No. 20 at 6.)

In the instant motion, Petitioner again cites his mental illness as an exceptional circumstance warranting the appointment of counsel. But, once again, he has failed to support this assertion with medical records demonstrating that he is *currently* incompetent and unable to articulate his claims without the help of counsel. Petitioner attaches no new medical records to the instant motion, and there are no medical records in the record before the Court that it did not already consider when ruling on Petitioner's previous request for counsel. Moreover, the involuntary medication order Petitioner previously submitted expired on August 20, 2020, and Petitioner has not provided any renewed order for the Court's consideration.

Additionally, despite the handful of medical records showing that Petitioner suffered from severe mental illness before he filed this case (*see* ECF No. 50 at 19–22), very little[1] about the way Petitioner has prosecuted this case to date indicates that he is incompetent. Although this may be because Petitioner has been receiving assistance from another inmate at MCSP, Petitioner was able to file a successful opposition to Respondents' Motion to Dismiss (ECF No. 41) and has filed several motions, most of which have included relevant

---

[1] On November 30, 2020, the Court received a letter from Petitioner that was less articulate than all his previous filings. (*See* ECF No. 49.)

legal authority and/or intelligible legal argument (*see* ECF Nos. 2–5; 13; 16; 18; 25; 32; 35; 37; 39; 44; 47; 49). *See also West v. Dizon*, No. 2:12–cv–1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying the *pro se* inmate plaintiff's request for counsel based on his mental disabilities and noting that the plaintiff "had thus far surmounted with the help of other inmates"). The Court also notes that it has recommended that Petitioner's Motions for Stay and Abeyance be granted. (*See* ECF No. 50 at 30–36.) Given that this action may soon be stayed, appointment of counsel at this stage of the proceedings would serve no useful purpose.

### III. CONCLUSION

Because Petitioner has not shown that his claims are likely to succeed and that he is presently unable to articulate his claims *pro se*, the interests of justice do not warrant the appointment of counsel at this time. Petitioner's Motion for Appointment of Counsel (ECF No. 47) is therefore **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: February 23, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge