# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TORRES,<br><br>       Petitioner,<br><br>v.<br><br>RALPH DIAZ, Secretary, et al.,<br><br>       Respondents. | Case No.: 19cv1964 LAB (JLB)<br><br>**ORDER:**<br><br>**1) ADOPTING REPORT AND RECOMMENDATION IN PART [Dkt. 50];**<br><br>**2) DENYING MOTION TO DISMISS [Dkt. 31];**<br><br>**3) GRANTING MOTION FOR STAY AND ABEYANCE [Dkt. 35];**<br><br>**4) DENYING MOTION FOR STAY AND ABEYANCE AS MOOT [Dkt. 49]; and**<br><br>**5) DENYING MOTION FOR LEAVE TO AMEND [Dkt. 44]** |

  Petitioner Eduardo Torres, currently incarcerated in state facilities, challenges his continued confinement. Respondents moved to dismiss his Amended Petition on the grounds that Torres's original Petition was time-barred and the Amended Petition included a theory for which Torres hadn't exhausted his

state court remedies alongside those for which he had. Torres subsequently moved to stay this proceeding while pursuing state court remedies, moved to amend his petition to add a claim of actual innocence, then made an additional filing seeking a stay and abeyance.

Each of these Motions was referred Magistrate Judge Jill L. Burkhardt for a Report and Recommendation. *See* 28 U.S.C. § 636. Judge Burkhardt's R&R recommended that the Court: 1) deny the Motion to Dismiss as to its claim that the petition was time-barred; 2) deny the Motion to Dismiss as moot insofar as it sought dismissal due to Torres's failure to seek a stay; 3) grant Torres's motions for stay and abeyance; and 4) deny Torres's Motion for Leave to Amend. Dkt. 50. The R&R set an objection deadline of January 15, 2021, but no objection has been filed to date.

Section 636 and Civil Rule 72(b) govern review of a magistrate judge's R&R on a dispositive motion. They require de novo review of any objected-to portion of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But they don't require de novo review if the parties don't object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). To the contrary, parties acquiesce to an R&R by not raising a timely objection. *See id.* ("[P]arties [who fail to object] . . . accept [the R&R] as correct").

The Court has read the briefing and Judge Burkhardt's R&R. The R&R's reasoning appears sound and its disposition correct. The Court **ADOPTS** the R&R **IN PART**. (Dkt. 50.) It adopts the R&R in full as to:

1) The Motion to Dismiss, (Dkt. 31), which is **DENIED**;

2) The May 19, 2020 Motion for Stay and Abeyance, (Dkt. 35), which is **GRANTED**;

3) The Motion for Leave to Amend, (Dkt. 44), which is **DENIED**.

The Court adopts Judge Burkhardt's construal of Torres's December 7, 2020

///

filing as a second Motion for Stay and Abeyance, which received no objection, but **DENIES** that Motion as **MOOT**.

**IT IS SO ORDERED**.

DATED: March 3, 2020

_____
**Hon. Larry Alan Burns**
United States District Judge