UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TORRES,<br><br>                          Petitioner,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>                          Respondents. | Case No.:  19-cv-01964-LAB-JLB<br><br>**ORDER DENYING PETITIONER'S MISCELLANEOUS MOTIONS**<br><br>**[ECF Nos. 60; 63; 64; 65; 67; 69; 71; 74; 80; 92]** |

## I.     INTRODUCTION

Petitioner Eduardo Torres ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF Nos. 1; 9.)  Presently before the Court are multiple miscellaneous motions filed by Petitioner, including: (1) a Motion for Extension of Time and Appointment of Counsel (ECF No. 60); (2) Motions for Extension of Time to File (ECF Nos. 63; 64; 65); (3) Motions to Extend Time and Appoint Counsel (ECF No. 67; 69); (4) a Motion for Extension of Time, Request for Incompetence Hearing, and a Request for Appointment of Counsel (ECF No. 71); (5) a Motion for Extension of time, Request for Incompetence

Hearing, and a Request for Appointment of Counsel (ECF No. 74); (6) a Motion for Extension of Time to File (ECF No. 80); and (8) a Motion to Petition (ECF No. 92).[1]

## II.   PROCEDURAL BACKGROUND

On September 20, 2019, Petitioner constructively filed a Petition for Writ of Habeas Corpus ("Original Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed on him by the San Diego Superior Court in case number SCD267474. (ECF No. 1 at 1.)  On January 10, 2020, Respondents moved to dismiss the Original Petition as time-barred under 28 U.S.C. § 2244(d).  (ECF No. 14.)

On February 21, 2020, Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") containing an additional, unexhausted claim.  (ECF No. 21 at 17.)   In light of the Amended Petition, the Honorable Larry Alan Burns denied Respondents' Motion to Dismiss (ECF No. 14) as moot on March 3, 2020.  (ECF No. 22.)

On March 20, 2020, Respondents moved to dismiss the Amended Petition on the grounds that the Original Petition was time-barred under 28 U.S.C. § 2244(d) and the Amended Petition contained an unexhausted claim.  (ECF No. 31.)  Petitioner filed an opposition on May 24, 2020.  (ECF No. 41 at 3.)

On April 30, 2020, Petitioner filed a Motion for Stay and Abeyance requesting that the Court stay the case and hold his exhausted claims in abeyance pending the exhaustion of his unexhausted claim.  (ECF Nos. 35; 35-1 at 1.)  Respondents filed an opposition on June 17, 2020. (ECF No. 42.)  Petitioner filed a reply on July 5, 2020.  (ECF No. 45 at 5.) Petitioner filed a second request for stay and abeyance on November 30, 2020. (ECF No. 49.)

///

---

[1] Two of Petitioner's motions (ECF Nos. 71; 74) also contain requests that have been ruled on by the district judge, including requests for equitable tolling and requests to add an additional claim to his petition.  (*See* ECF No. 97.)

1  On June 16, 2020, Petitioner moved for leave to amend the Amended Petition and
2  add an additional, unexhausted claim of "actual innocence." (ECF No. 44 at 3.)
3  Respondents did not file a response to Petitioner's Motion for Leave to Amend.

4  On December 31, 2020, this Court issued a Report and Recommendation (ECF No.
5  50) that was adopted in part by Judge Burns. (ECF No. 52.) Judge Burns denied
6  Respondents' Motion to Dismiss the Amended Petition (ECF No. 31), denied Petitioner's
7  Motion for Leave to Amend (ECF No. 44), granted Petitioner's first motion for stay and
8  abeyance (ECF No. 35), and denied as moot Petitioner's second motion for stay and
9  abeyance. (ECF No. 52.)

10 On May 10, 2021, Petitioner timely filed a motion to reconsider the Court's adoption
11 of the Report and Recommendation. (*See* ECF Nos. 62; 95.) On October 5, 2021, Judge
12 Burns denied Petitioner's Motion for Reconsideration for lacking any substantive objection
13 to the Court's adoption of the Report and Recommendation. (ECF No. 95 at 2.)

### III.   DISCUSSION

**A.   Requests for Appointment of Counsel, Copies of Documents, Competency Hearings**

To the extent Petitioner's present motions contain requests for appointment of counsel, for copies of documents, and competency hearings (ECF Nos. 60; 67; 69; 71; 74), the Court already denied these requests without prejudice in its August 20, 2021 Order. (*See* ECF No. 79 n.1.)

**B.   Requests for Extensions of Time**

Petitioner's motions for extension of time appear to request an extension of time to file a motion for reconsideration of the Court's Order adopting in part the Report and Recommendation. (ECF Nos. 63 at 1; 64 at 1; 67 at 1; 69 at 1; 71 at 1–2, 3; 74 at 1, 3; 80 at 1.) Petitioner also seeks non-specific extensions of time to file future pleadings or continue unspecified "due dates."

On May 10, 2021, Petitioner timely filed his motion for reconsideration. (ECF No. 62.) Judge Burns denied Petitioner's motion for reconsideration on October 5, 2021. (ECF

No. 95.) Because Petitioner's motion for reconsideration has already been filed and is no longer pending, no motions for extension of time regarding this matter are necessary. Accordingly, Petitioner's requests for extensions of time to file a motion to reconsider (ECF Nos. 63; 64; 67; 69; 71; 74; 80) are **DENIED AS MOOT**.

To the extent Petitioner requests non-specific extensions of time or to continue unspecified "due dates," these requests are **DENIED WITHOUT PREJUDICE** due to this case remaining stayed pending exhaustion in state court of Petitioner's eighth claim in his Amended Petition.

Petitioner also requests a 90-day extension of time to file his habeas corpus petition in state court. (ECF No. 65.) To the extent Petitioner is requesting an extension of any state court deadlines, this Court does not have authority to grant any such extensions. To the extent Petitioner is requesting that this Court extend one of its own deadlines, this Court has not set a deadline by which Petitioner must file his habeas petition in state court. However, Petitioner is reminded that he must not unreasonably delay his efforts to exhaust his ineffective assistance of counsel claim in state court and should avoid "abusive litigation tactics or intentional delay" in filing his state habeas corpus petition. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Accordingly, Petitioner's request is **DENIED**.

## C. Renewed Request for Appointment of Counsel in Petitioner's "Motion to Petition"

On September 24, 2021, Petitioner filed a "Motion to Petition, Petition Petition of Habeas Corpus." (ECF No. 92.) Petitioner asks the Court "for representation to petition [his] petition." (*Id.* at 1.) Although it is less than clear what relief Petitioner is seeking, the Court liberally construes this motion as a renewed request for appointment of counsel.[2] As the Court has explained to Petitioner numerous times before (ECF Nos. 20 at 2; 50 at 1; 79 at 2), there is no absolute right to counsel in 28 U.S.C. § 2254 actions. *McCleskly v.*

---

[2]   The Court liberally construes *pro se* pleadings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

*Zant*, 499 U.S. 467, 495 (1991). Appointment of counsel in federal habeas proceedings is left to the discretion of the court when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Appointment is appropriate only upon a showing of exceptional circumstances. (*Id*.) The Court most recently denied Petitioner's requests for counsel on August 20, 2021 (ECF No. 79), and Petitioner's circumstances have not changed since then such that appointment of counsel would be warranted now.

Moreover, because this case remains stayed pending the exhaustion of Petitioner's eighth claim in his Amended Petition, the interests of justice would not be served by appointing counsel for Petitioner at this time. For the foregoing reasons, Petitioner's renewed request for appointment of counsel (ECF No. 92) is **DENIED WITHOUT PREJUDICE**.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's miscellaneous motions (ECF Nos. 60; 63; 64; 65; 67; 69; 71; 74; 80; 92) are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 13, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge